**RIEHL et al. v. KENTUCKY UNEMPLOY- MENT COMPENSATION COMMIS- SION.**

Court of Appeals of Kentucky.

Nov. 13, 1952.

Rehearing Denied April 17, 1953.

Lewis M. Johnson and Burwell K. Marshall, Louisville, for appellants.

R. Campbell VanSant and VanSant & Young, Frankfort, for appellee.

CULLEN, Commissioner.

The Unemployment Compensation Statute defines "subject employer" to include:

"Any employing unit which, in each of three calendar quarters in the preceding calendar year, had in covered employment four or more workers (whether or not the same workers), to as many as four of whom at least fifty dollars in wages was payable to each with respect to such covered employment in each such quarter." KRS 341.-070(1).

Confirming the administrative interpretation, the judgment appealed declares that the statutory definition embraces an employer who regularly maintains fewer than four positions of employment, but who by reason of turnovers in personnel, has had four or more different individuals occupying positions of employment during each of three calendar quarters.

The appellant, John Riehl, was engaged in the real estate agency business for several years. He was succeeded by the appellant, Clarence Boyles, as of February 1, 1951. The agency employed a salesman and two bookkeeper-stenographers. From time to time an employee resigned and was replaced with another. During 1945 and 1946 ten changes occurred, so that more than four individuals were paid $50 or more in wages or salaries during each of three quarters. Similar changes occurred in other years. The employer received the first

notice of his liability for the pay roll taxes on July 26, 1950. The Commission assessed taxes and penalties against him for the years 1946, 1947, 1948, 1949, 1950, and for the first quarter of 1951, aggregating $1,033.60. That sum was paid under protest, and this agreed suit for a declaration of rights and liabilities was submitted under the provisions of Sec. 637, Civil Code.

The statute in question, KRS 341.070(1), is derived from a 1938 Act, Acts 1938, c. 50, which superseded the original Unemployment Compensation Act of 1936, Acts 1936-37, Ex.Sess. c. 7. It is the contention of the appellant that KRS 341.070(1) is ambiguous, and that by resorting to the original 1936 Act, and noting the differences between it and the 1938 Act, it will become apparent that the legislature intended the 1938 Act to apply only in the case of *simultaneous* employment of four or more workers.

We do not find any ambiguity in KRS 341.070(1). It is our opinion that the key word in the statute is the word "in," preceding the words "each of three calendar quarters", and if the word is accorded its ordinary and common meaning, the statute does not require simultaneous employment.

According to Webster's New International Dictionary, the word "in," used with relation to a period of time, means "during the course of." The same meaning, expressed in another way, would be "within the limits or duration of." Employing this meaning, the statute says that an employer is subject to the Act if, during the course of, or within the limits or duration of each of three calendar quarters, he had in covered employment four or more workers, to each of whom the required amount of wages was paid. This clearly means that the employment need not be simultaneous.

Obviously, the word "in" does not mean "throughout" or "for the entire period of," because then there would be no point in adding the requirement of the payment of a minimum of $50 in wages. In these times, no worker employed for a full calendar quarter would be paid less than $50 in wages.

The appellant seeks to read into the statute the words "at the same time," following the words "had in covered employment". There is no justification for this, unless the word "in" means "during any one period of time in." We are not aware of any authority for ascribing such a meaning to the word "in".

Even if the statute should be considered ambiguous, we do not find that a reference to the 1936 Act requires the adoption of the interpretation contended for by the appellant. The argument of the appellant is predicated upon the fact that KRS 341.070(1) does not contain the words "not necessarily simultaneously", which were contained in a section of the 1936 Act that the appellant maintains is comparable to KRS 341.070(1).

The section of the 1936 Act which is referred to, section 19f (1), made subject to the Act any employer who had in employment four or more individuals in each of *twenty weeks* within a year. The section stated that the employment need not be simultaneous, and that the same individuals need not be employed in each of the weeks. It will be apparent that the words "not necessarily simultaneously", as used in the 1936 Act, did not mean merely that the employes need not be on the *payroll* simultaneously, and that four employes could succeed each other within any one week, because then there would have been no necessity for the statute to say that the employes in one week need not be the same as those in another week. We think it is clear that the words also embodied the meaning that the workers need not be *rendering their services* simultaneously, even though under contract of employment simultaneously.

If the words "not necessarily simultaneously" had the two-fold meaning above indicated, then the words as used in the 1936 section were intended to convey the idea that if an individual was employed for or at any time within the limits of a week, he was to be counted as being "in employment" during the week, and it made no difference how short the period of his employment was.

This construction of the 1936 statute is supported by a reference to subsection (2) of KRS 341.070, which uses the words "not necessarily simultaneously" in relation to the employment of a specified number of persons for some portion of a day in each of 20 different weeks. Actually, subsection (2) of KRS 341.070, rather than subsection (1), is the part of the 1938 Act that is comparable to the 1936 section. Subsection (1) of KRS 341.070 sets forth a new basis for determining who is a subject employer, added to the 20-week basis that was in the 1936 law and which was carried over into the 1938 law as subsection (2) of KRS 341.070.

It will be apparent that if, in KRS 341.070 (1), which is based on calendar *quarters,* the same language had been used that was used in the 1936 section, which was based on *weeks,* the result would have been that an employer who employed four different workers within the limits of each of three calendar quarters would be subject to the Act, regardless of the fact that each worker may have been employed only for a few hours. The legislature did not intend such a result, and therefore inserted the requirement that a worker must have been paid at least $50 during a quarter in order to be counted as having been "in employment" during the quarter. In other words, KRS 341.070(1) requires that a worker be paid at least $50 during a quarter in order to be counted as "in employment" during the quarter, whereas the 1936 section provided that a worker who was employed for any length of time within a week must be counted as "in employment" during the week. The words, "not necessarily simultaneously", in the 1936 Act, represented a *time* measure for the purpose of determining who shall be counted as being "in employment," while KRS 341.070(1) uses a *money* measure for the same purpose. Therefore, the failure of the legislature to use the words "not necessarily simultaneously", in KRS 341.070(1), does not have the significance that the appellant claims it to have.

We think that the meaning of KRS 341.070(1) is clear, and that the lower court properly interpreted the statute.

The appellant contends that if the statute has the meaning that we ascribe to it, the statute is discriminatory and therefore unconstitutional. His argument is that a classification based on the number of regular *positions* maintained by an employer in a specified unit of time is a "natural" classification, but that a classification based on the number of *individual workers* who happen to occupy positions during a specified unit of time is unnatural and unreasonable. He claims that the statute is discriminatory because an employer who maintains only three regular positions of employment, and through no fault of his own has a frequent turnover of personnel, is made subject to the Act, while another employer with the same number of regular positions, but who is lucky enough not to have a turnover of personnel, is not subject to the Act.

Actually, the appellant's argument is completely illusory. The whole argument is based on the premise that a classification according to the number of regular positions of employment is the only "natural" classification that can be made. From this premise, the appellant argues that a different classification is discriminatory, simply because two persons who would be in the same class under what he says is the only natural classification, would not be in the same class under the other classification. It is like arguing that the only natural basis upon which school districts can be classified is the basis of population, and therefore a statute that classifies school districts according to wealth is discriminatory, simply because two districts with the same population do not fall into the same class under the wealth classification.

Obviously, the Act here in question does not discriminate in any way between employers who have the same number of persons in their employ within the same period of time. What appellant argues is that the Act discriminates between an employer who had three persons in his employ within a specified period of time, and an employer who had four persons in his employ within the same period.

If a classification according to the number of persons in employment within a specified

period of time has a reasonable basis, in relation to the purposes of the Unemployment Compensation Act, then appellant's entire argument collapses. We think that the classification does have a reasonable basis.

The 1938 Unemployment Compensation Act contains a declaration of policy section (not carried in the statute compilation), in which it is declared that one of the objects of the Act is to protect against unemployment by "encouraging employers to provide more stable employment." The prevention of frequent turnover of personnel may be said to be one of the main objects of the Act. It seems to us that a classification of employers based upon the number of workers they have in employment within a specified period of time bears a much greater relation to the purposes of the Act than a classification based upon the number of regular positions of employment maintained.

The real basis of appellant's complaint appears to be that he was forced to bring himself within the statutory classification by reason of lack of good fortune in meeting the hazards of doing business under our economic and social systems. He did not want to hire four different people in any one quarter, but was compelled to do so because of bad luck in regard to the persons he chose to employ. Therefore he was placed at a disadvantage in comparison to another employer who was lucky enough to keep his employes. By the same token, an employer who was fortunate in being able to employ three highly efficient workers to handle his business would have an advantage over another employer who was compelled to hire four less capable workers to do an equivalent amount of work for him. Similarly, an employer who ordinarily can get along with three regular employes, because he works in the business himself, may be compelled by reason of his own illness to hire another worker, and thus be placed in a less favorable position than another employer who does not suffer personal illness. For a further analogy, an employer with three regular employes may be required to employ a night watchman because of a wave of robberies in the community, and thus bring himself under the Unemployment Compensation Act, KRS 341.010 et seq., while another employer with three regular employes, in another community, would not be subjected to the same burden.

Any variety of economic or social conditions, over which he has no control, may operate to bring a person into a classification in which he would prefer not to be. However, this fact alone will not constitute a ground for declaring the classification unreasonable.

The judgment is affirmed.

Rehearing denied; COMBS, J., and SIMS, C. J., dissenting.

For dissenting opinion, see 257 S.W.2d 67.