**WASHER ONE, INC., d/b/a, etc., et al.,
Appellants,**

**v.**

**COMMONWEALTH of Kentucky ex rel. DI-
VISION OF UNEMPLOYMENT IN-
SURANCE, Appellee.**

Court of Appeals of Kentucky.

June 23, 1972.

John M. Prewitt, Mt. Sterling, for appellants.

Paul E. Tierney and Harlan E. Judd, Jr., Div. of Unemployment Ins., Frankfort, for appellee.

CULLEN, Commissioner.

Washer One, Inc., operated a car-washing establishment in Paris, Kentucky, in which it used four employees, and thus was subject to the Kentucky Unemployment Compensation Law. See KRS 341.070. The company refused, however, to submit to the law by paying the required tax or even by filling out any forms. As a result, the Division of Unemployment Insurance brought action against the company and its principal stockholder to enjoin operation of the car-wash establishment until the law was complied with. The defendants pleaded unconstitutionality of the law. Judgment was entered granting the relief sought in the complaint. The defendants have appealed.

The issue is the constitutionality of the Unemployment Compensation Law

as applied in the instant circumstances. The appellants assert unconstitutionality on numerous grounds, but the substance of the argument is that the law is discriminatory in requiring employers to pay the tax while *automated* businesses rendering the same kind of service are exempt. We find no merit in the argument. Unemployment Compensation laws uniformly have been upheld against the contention that they were discriminatory in exempting businesses with less than a prescribed number of employees, or with no employees at all. See Carmichael v. Southern Coal and Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245; Riehl v. Kentucky Unemployment Compensation Commission, Ky., 256 S.W. 2d 354; 16 Am.Jur.2d, Constitutional Law, sec. 525, p. 914. It seems to us that if a classification based on having more than a minimal number of employees validly may be used in subjecting employers to an unemployment compensation tax, it should make no difference for what reason the exempted businesses happen to have less than the minimum number of employees, or even none—whether it is because the businesses are automated or for some other reason.

■ We conceive that the primary objective of the unemployment compensation laws is to provide relief against the kind of unemployment that is created when jobs that once existed cease to exist. The automated business that employs no workers does not contribute to that kind of unemployment; it merely fails to create any jobs. While that lessens the number of jobs available, it does not cause a decrease in the number of existing jobs. It is our opinion, therefore, that it is not discriminatory for the tax to be imposed upon those who create jobs while exempting those who do not. Cf. Riehl v. Kentucky Unemployment Compensation Commission, Ky., 256 S.W.2d 354; Standard Dredging Co. v.

Murphy, 319 U.S. 306, 63 S.Ct. 1067, 87 L. Ed. 1416.

■ The appellants argue that the provisions of the unemployment compensation law requiring the filing of informational reports by employers is unreasonable and therefore invalid because the same information is included in income tax reports to the Kentucky Department of Revenue. Obviously, the unemployment compensation informational reports are designed for a purpose entirely different from that of income tax reports, and although the information sought by the former might be obtainable from the latter it would increase the administrative work of both agencies. In the absence of a showing that the filing of unemployment compensation returns is unreasonably burdensome on the employer in comparison with the ease with which the information could be obtained from income tax returns, we cannot hold unconstitutional the requirement for filing the unemployment compensation returns.

■ The appellants suggest that it is "arbitrary" to use an injunction shutting down their business as a means of enforcing compliance on their part with the unemployment compensation law, because the effect is to put their employees out of work and thus create unemployment in violation of the very purpose of the law. It is sufficient to say that the legislature in enacting the law authorized injunctive procedure, KRS 341.265, and thus decided that the use of that procedure would have beneficial effects in achieving compliance with the law outweighing any incidental effect it might have offending the purpose of the law. That decision cannot be classed as arbitrary.

The judgment is affirmed.

All concur.